PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2009 Chevrolet Malibu struck a deep manhole on U.S. Route 60 in South Charleston, Kanawha County. U.S. Route 60 is a public road maintained by Respondent. The Court is of the opinion to make an award this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:00 p.m. on July 9, 2009. Claimant Stacy Stowers was driving from Charleston along U.S. Route 60 back to her home in Hurricane. Claimant stated that she was in Charleston for a professional exam, and she does not frequently use this route. Claimant testified that at the time of the incident construction workers were placing construction barrels in the middle lane on Route 60, traffic was bumper-to-bumper, and cars were parked along the right side of the road. Claimant acknowledged that she saw the deep manhole prior to the incident, but stated that because of construction and heavy traffic there was no way to maneuver around it, and her vehicle struck it. As a result of this incident, Claimants ’ vehicle sustained damage to the front and rear passenger side rims in the amount of $265.01. Claimants’ insurance declaration sheet indicates that their collision deductible is $500.00.The position of the respondent is that it did not have actual or constructive notice of the condition on U.S. Route 60 at the time of the incident. Barbara Engelhardt, Highway Administrator for Respondent in St. Albans, testified that she is familiar with the area where Mrs. Stowers alleges her incident occurred. Ms. Engelhardt stated that Respondent’s investigators could not locate any indentation or other abnormality with the pavement at the location of the incident. The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimants must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the manholes on U.S. Route 60. Since the presence of deep manholes on the travel portion of the road within a construction site created a hazard to the traveling public, the Court finds Respondent negligent. 1b the opinion of the Court of Claims that the Claimants should be awarded the sum of $265.01.
Award of $265.01.